**15**

GABRIEL P. HERRERA, State Bar No. 287093
*gherrera@kmtg.com*
KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
A Professional Corporation
1331 Garden Hwy, 2nd Floor
Sacramento, California 95833
Telephone: (916) 321-4500
Facsimile: (916) 321-4555

Attorneys for KIMBERLY J. HUSTED,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>DAVID R. MICHAL,<br><br>            Debtor.<br>———————————————————<br>KIMBERLY J. HUSTED, trustee for the estate of Michal,<br><br>            Plaintiff,<br><br>      v.<br><br>DAVID R. MICHAL,<br><br>            Defendant. | Case No. 22-22056<br>Chapter 7<br><br>Adv. No. _____<br><br>**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE** |

      Kimberly J. Husted ("Trustee"), in her capacity as the Chapter 7 Trustee for the bankruptcy estate of David R. Michal ("Debtor"), for her complaint objecting to the Debtor's discharge alleges the following:

## JURISDICTION AND VENUE

      1.      Jurisdiction is proper pursuant to 28 U.S.C. § 1334(b) in that this is a civil proceeding arising in a parent bankruptcy case.

      2.      Venue is proper pursuant to 28 U.S.C. § 1409(a) in that this adversary proceeding arises in a parent bankruptcy case pending in this judicial district.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) in that this is a proceeding objecting to the Debtor's discharge.

## GENERAL ALLEGATIONS

### A.      The Filing of the Involuntary Bankruptcy Case and the Disclosure of the Entities

1.      On August 18, 2022, the above-captioned bankruptcy case was commenced by the filing of an involuntary Chapter 7 petition.  After trial, on or about June 5, 2023, the Court entered a judgment ordering relief on the Chapter 7 petition filed under 11 U.S.C. section 303.   The Trustee is the appointed Chapter 7 trustee for the Debtor's bankruptcy estate.

2.      On or about July 14, 2023, the Debtor appeared at his initial 11 U.S.C. section 341 meeting of creditors, which was continued to July 24, 2023, August 2, 2023, August 31, 2023, September 22, 2023, and October 27, 2023.

3.      The continuances of the 341 meeting of creditors were primarily based on the Debtor's repeated failure to provide numerous documents and information to the Trustee as outlined below.  The other reasons relate to the Debtor being ill and a friend passing away around the August 2, 2023 341 meeting of creditors and a change in counsel prior to August 31, 2023.

4.      The Debtor operates through numerous organizations and other entities identified as Management Services Company, KRC Partners, Inc., Reaven, Inc., Legacy Partners 314, LLC, DRC Properties, LLC, Asset Management Plus, LLC, Murchison Asset Group, LLC, Bulk Home Buyers, LLC, Murchison Group, LLC, Paragon Productions, LLC, On The Beam, LLC, Bulk Home Buyers of Georgia, LLC,  Everlasting Investments LLC, Mustard Seed, LLC, Final Draft Brewing Co., LLC, Vision Care Device, LLC, Steeped Coffee, Inc., Infinite Water, Inc., Authentic Sales, LLC, Elias Michal Ventures, LLC, Redding Dev Partners, LLC, Monmouth Holdings, LLC, Eternal Management Solutions, LLC, Tyndale Capital, LLC, Stewardship Partners Group, LLC, East Dev Partners, LLC, Merican Beverage California, LLC, Merican Beverage Company, LLC, Spring Creek, LLC, Triple 7 Ranch, LLC, Daniels Road, LLC, Trinidad Revival, LLC, Liberty Dev Partners, LLC, Blue Gold Capital, LLC, Monmouth Fund, LP, 100XR Ventures, LLC, Ergon Capital Holdings, LLC, Vision Med Capital, LLC, RKC Partners Group, LLC, and Chrave, LLC (collectively, "Entities").  The Debtor contends, and has produced diagrams (otherwise known as

the "bubble chart"), demonstrating that the Entities operate in a convoluted structure (which include several layers of companies) in which his interest – or that of his wife's interest – stem from various holding companies.   These purported holding companies include Reaven, Inc., Legacy Partners 314, LLC, Everlasting Investments, LLC, Mustard Seed, LLC, Eternal Management Solutions, LLC, and Monmouth Holdings, LLC.   The Debtor claims that these holding companies then have an interest in various of the other entities on the bubble chart, including Vision Care Devices ("VCD").   The Debtor represents that he does not have a direct interest in VCD.  A true and correct copy of the bubble chart produced by the Debtor is attached hereto and incorporated herein as **Exhibit A.**

5.      The majority of the Entities are organized and/or incorporated in either Nevada or Wyoming.

6.      The Debtor explains that most of the Entities do not have an operating business.  In fact, the Debtor testified, with respect to Reaven, Inc. that it's business is to hold Legacy Partners 314, LLC and Legacy Partners 314, LLC's business purpose is to act as a holding company for companies that operate below it.  Reaven, Inc. was wholly owned by the Debtor on the petition date and Reaven, Inc. wholly owns Legacy Partners 314, LLC.

7.      Given the convoluted structure of the Entities and the "bubble chart," the Trustee made numerous requests since July 2023 to obtain corporate information, financial records, ownership information, and other relevant information related to the Debtor's business dealings with the Entities.  These requests were documented on or about July 24, 2023.  Specifically, the Trustee requested incorporation and formation documents (including bylaws and operating agreements), minutes of meetings for the Entities, information related to the owners of the Entities, and financial documents related to transactions between the Entities (including documents evidencing lines of credit) (collectively "Business Records").

8.      Prior to September 25, 2023, the Debtor objected and/or refused to provide the Business Records as to any of the Entities in which the Debtor contends that were not wholly owned by him or his wife on the petition date.  Notably, the Debtor explains that the other owners of these Entities merely hold convertible notes, and no convertible note has ever been exercised.

The Debtor did not oppose producing the Business Records in relation to any wholly owned entity – Reaven Inc., Legacy Partners 314, LLC, and DRC Properties, LLC.

**B.      The Debtor's 341 Testimony Related to the Wholly Owned Entities' Business Records**

9.      At the Debtor's August 31, 2023 341 meeting of creditors, the Debtor testified with respect to Reaven Inc. and Legacy Partners 314, LLC, that Matthew Taylor maintains the Business Records at a business location in Carson City, NV (other than the Quickbooks' information).  The Debtor also specifically testified that lending documents in regards to internal corporate loans were also stored in Nevada.  Given that Mr. Taylor maintains the Business Records in Nevada, the Debtor explained that he had been unable to produce the Business Records.

10.      Upon questioning, the Debtor testified that he speaks by phone with Mr. Taylor 3-4 times a year and that he is able to contact Mr. Taylor for the records being requested by the Trustee.  However, as of August 31, 2023, the Debtor stated he had not contacted Mr. Taylor to produce the wholly owned entities' records because of things going on in the Debtor's "personal life."

11.      Later upon questioning at the same 341 meeting of creditors, the Debtor inexplicably stated that he had in fact arranged with Mr. Taylor to have the Business Records related to the wholly owned entities be produced.  The Debtor had not made any arrangements prior to August 31, 2023.

12.      The Debtor further disclosed that Reaven Inc. has never had any employees, corporate minutes are not required by the Bylaws, annual shareholder meetings are not required, the Debtor and his spouse are the only board of directors, there are no regular board meetings, there are no officers for the company other than Mr. Taylor as the Secretary, the Debtor serves as the Vice President, and the Debtor is not paid from the company.  With respect to Legacy Partners 314, LLC, the Debtor states no meetings have occurred since its organization.

13.      At the August 31, 2023 341 meeting of creditors, the Trustee reiterated that she wanted to obtain the Business Records for the wholly owned entities immediately and would provide dates in order for the parties to agree when the Business Records could be picked up.

14.      The Debtor further testified that each of the Entities have a line of credit with one

another such that funds could be disbursed between the Entities.  Similarly, the Debtor represents that he has his own line of credit with certain of the Entities and Legacy Partners 314, LLC has lines of credit with "downstream" entities.  However, the Debtor did not know the terms of the lines of credit (other than being ten year agreements), including the maximum amount of the lines of credit, when the lines of credit were executed, or the interest to be paid on the lines of credit.

15.    The Debtor stated the balance for each of the lines of credit were maintained by the Debtor through Quickbooks.  However, the Debtor testified that the information stored on Quickbooks was "absolutely" not accurate and he was having an accountant conduct a reconciliation of the Entities' records which would take several months.

16.    No tax returns have been filed for the Entities since at least 2014.

**D.     The Debtor's Sole Source of Income is From One of the Entities**

17.    During the August 31, 2023 341 meeting of creditors, the Debtor further disclosed that the wholly owned entity Reaven Inc. received approximately $190,000 in September of 2022 (post-petition).  The Debtor explained that through the various lines of credit the entire amount of the funds were transferred to Stewardship Partners Group, LLC.

18.    Stewardship Partners Group, LLC is paying to the Debtor's spouse $12,500 per month on account of a revolving line of credit.  The Debtor represents in his Schedule I that the $12,500 is the Debtor's and his spouse's sole source of income.

19.    At the Debtor's 341 meeting of creditors on October 27, 2023, the Debtor testified that he has not received an income from any of the Entities, and had not represented in writing that he received an income from any of the Entities at any time.

**E.     Other Financial Information Provided**

20.    Prior to taking the position that financial information of the Entities that the Debtor contends are not wholly owned, the Debtor produced balance sheets for 4 entities, including Eternal Management Solutions, LLC, Stewardship Partners, LLC, Mustard Seed, LLC, Everlasting Investments, LLC, and Reaven Inc. These balance sheets identify as assets numerous "Loans to" various of the Entities (including wholly owned entities), other entities, and individuals, and as liabilities numerous convertible notes and notes payable to various of the

Entities, other entities, and individuals.

21.     The Debtor has also produced bank statements which identify large post-petition payments to certain of the Entities.  Specifically, on December 13, 2022, the Debtor (and or his wife, Christy Michal) purportedly issued a $40,000 "Loan to EMV" – one of the Entities – from a deposit account in his name and another $50,000 payment to Elias Michal Ventures LLC on the same day.  Despite stating that the purpose of the payment was a "Loan to…" on the memo line, the Debtor claims the payment was a loan repayment and to return funds improperly taken by Christy Michal (as further noted below).

**F.     Documents Produced by Creditors**

22.     On or about June 9, 2022, the Debtor executed under penalty of perjury in response to a creditor's demand that he provide a "complete and exhaustive list of all corporations, limited partnerships, limited liability compan[ies], and/or any other form of business entity … in which [he has] had any ownership and/or financial interest in the past five years" that Reaven Inc. was the sole entity.

23.     Despite representing that he had no direct interest in VCD, the Debtor issued a Memorandum of Understanding (in which he executed) in favor of a potential creditor in which he acted as "seller" of shares of VCD.

**G.     The Debtor is Ordered to Produce the Business Records**

24.     By order dated August 14, 2023, the Court authorized the Trustee to issue discovery to various financial institutions related to the Debtor's financial dealings and that of his entities.  An additional order was entered at the request of JP Morgan Chase to correct a naming issue.

25.     Among the documents produced by the financial institutions were copies of checks deposited or issued against deposit accounts in which the Debtor controlled.  The Debtor received checks from the United States Treasury which identified the Debtor as the "SOLE MBR" of VCD.  Again, the Debtor has repeatedly represented that VCD is a "down stream entity" and he has no direct interest in the company.

26.     Additional documents related to loans issued to the Debtor were also produced.

The Debtor executed a loan application with Sierra Central Credit Union on February 11, 2022 in which he represented the following: (a) he was a "full-time" employee of Everlasting Investments, which is one of the Entities; (b) he received employment income of $12,500 per month; and (c) he received $8,000 per month in rental income. The application further provided that Christy Michal, the Debtor's spouse, was an employee of Everlasting Investments but had $0.00 of income.

27.     The Debtor represented on numerous occasions under penalty of perjury and to the Trustee directly that he was unaware that he or his wife were collecting, individually, rental income from real properties held by their Entities. He represented the money returned to Elias Michal Ventures, post-petition, were the rental income that was inadvertently taken.

28.     Tens of thousands of pages of deposit account statements were produced in relation to the Entities.

29.     By order dated September 30, 2023, the Court authorized the Trustee to issue discovery to the Debtor and Matthew Taylor in order to obtain the Business Records ("2004 Order"). On the same day, the Court entered an order granting the Trustee's motion for turnover of Reaven Inc., Legacy Partners 314, LLC and DRC Properties, LLC against the Debtor as the Debtor had continued to operate the wholly owned entities despite the Trustee's demand to cease any further action.

30.     The Debtor and Matthew Taylor ultimately produced documents in response to the 2004 Order. At the Debtor's October 25, 2023 341 meeting of creditors, the Debtor represented he had turned over all documents in his possession, custody, or control in relation to the Entities related to corporate records, financial records including revolving line of credit documents, leases, and ownership documents.

31.     The Debtor primarily produced Quickbooks data, which he had previously represented were "absolutely" not accurate and little else (other than records for Reaven, Inc. and Legacy Partners 314, LLC). Notably, the Debtor failed to produce any documents that would identify owners of the entities or line of credit documents that would allow the trustee to determine the basis for the Entities' business transactions. Hundreds of thousands, and even millions of dollars, flowed through the Entities via various transfers to one another. The Debtor

has not produced documents to explain the transactions or the purpose.

**FIRST CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(3)**

32.     The Trustee re-alleges and incorporates by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33.     As identified above, hundreds of thousands, and even millions of dollars, flowed through the Entities via various transfers to one another.  The Debtor testified that each of the Entities have a line of credit with one another such that funds could be disbursed between the Entities.  The Debtor similarly represented that he has his own line of credit with certain of the Entities and Legacy Partners 314, LLC has lines of credit with "downstream" entities.  However, the Debtor did not know the terms of the lines of credit (other than being ten year agreements), including the maximum amount of the lines of credit, when the lines of credit were executed, or the interest to be paid on the lines of credit.

34.     The Debtor advised the balance for each of the lines of credit were maintained by the Debtor through Quickbooks.  However, the Debtor testified that the information stored on Quickbooks was "absolutely" not accurate.

35.     The Debtor further could not adequately explain why the funds flow between the Entities and the various transfers' purpose other than loans for investments.

36.     The Trustee further sought the Business Records, including line of credit documents, lease documents, and ownership information for the Entities, and an order was entered after the Debtor refused.

37.     Despite representing that all documents have been produced in relation to the Entities and specifically advising that line of credit documents were stored in Nevada (and all documents have since been produced), line of credit documents and ownership information documents, among other documents, have not been produced.  Accordingly, the Debtor has either concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained.

38.     Based on the foregoing, the Trustee is entitled to a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3).

**SECOND CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(2)(B)**

39.     The Trustee re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth herein.

40.     Post-petition the Debtor transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, or concealed property of the estate after the filing of the petition.  Specifically, on or about December 13, 2022, the Debtor (and or his wife, Christy Michal) purportedly issued a $40,000 "Loan to EMV" – one of the Entities – from a deposit account in his name and another $50,000 payment to Elias Michal Ventures LLC on the same day.  Despite stating that the purpose of the payment was a "Loan to…" on the memo line, the Debtor claims the payment was a loan repayment.  The Debtor had also represented that the payments were made because he or his wife were collecting, individually, rental income from real properties held by their Entities that he was unaware of.  He alleges that when he discovered that they were collecting the rents, he caused the money to be retransferred to the Entities.

41.     The Debtor's representations are false and made with intent to hinder, delay, or defraud a creditor or the estate.  In fact, the Debtor executed a loan document on February 11, 2022 in which he represented the following: (a) he was a "full-time" employee of Everlasting Investments, which is one of the Entities; (b) he received employment income of $12,500 per month; and (c) **he received $8,000 per month in rental income.**  The application further provided that Christy Michal, the Debtor's spouse, was an employee of Everlasting Investments but had $0.00 of income.  The Debtor specifically knew that he was receiving rental income and was attempting to prevent the estate from recovering said monies when turnover was sought.

42.     Based on the foregoing, the Trustee is entitled to a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(B).

/ / /

/ / /

**THIRD CLAIM FOR RELIEF**

**11 U.S.C. § 727(a)(4)**

43.    The Trustee re-alleges and incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth herein.

44.    As noted above, the Debtor has represented that he does not have a direct ownership interest in VCD.  VCD is apparently worth millions of dollars as alleged by the Debtor assuming it can find a buyer of the business.  Likewise, he has represented he has not been employed or received income from any of the Entities.  In truth, the Debtor has received checks from the Federal government identifying himself as the "SOLE MBR" of VCD and has attempted to transfer shares to a specific individual that he did not want discussing his business affairs. Moreover, the Debtor represents in loan documents that he was an employee of one of the Entities and was receiving income from the Entities, including rental income.

45.    The representations are a false oath or account and made knowingly and fraudulently.

46.    Based on the foregoing, the Trustee is entitled to a judgment denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4).

**WHEREFORE,** the Trustee prays that the Court issue a judgment:

1.    Denying the Debtor's discharge pursuant to 11 U.S.C. § 727.

2.    For such other and further relief as the Bankruptcy Court deems necessary and proper.

DATED:  November 2, 2023            KRONICK, MOSKOVITZ, TIEDEMANN & GIRARD
                                    A Professional Corporation


                                    By:  _____
                                         Gabriel P. Herrera
                                         Attorneys for KIMBERLY J. HUSTED,
                                         Chapter 7 Trustee

# Exhibit A

*RW's Working Copy*



**2013 / 2014 / 2015 Tax Flow Chart / Michal Family**

**Michal Management Services Company**



**2**

**2015 - 2019 Tax Flow Chart / Michal Family**

**Michal Management Services Company**

Marshall Melton Lawsuit Began End of 2015

Old Structure See 1st Flow Chart

New Structure

Everlasting Loaned To MSH

Reaven, Inc NV – C Corp

Legacy Partners 314 NV - LLC

All Companies Prior To 2015

Everlasting Investments, NV LLC 2016

Mustard Seed NV LLC 2016 100% owned by Everlasting

Dave Michal borrowed funds from private lenders to fund. Some lenders have rights to convert loans to equity into Mustard Seed Holdings.

Loaned Funds To Companies between 2016 to 2021 for Convertible Interest at later date.

Michal Living Trust of 2000

Dave & Christy Michal Debt

Assets held as disregarded entities owned by Christine Michal

Final Draft Brewing Co. CA LLC K1's exist for all years

Steeped Coffee Delaware B-Corp Owned by MSH by convertible note / no tax return

VisionCare Device CA LLC K1's exist for all years

Infinite Water NV C Corp Owned by Mustard Seed Debenture / no tax return

Authentic Sales, LLC K1's exist for all years

Elias Michal Ventures CA LLC 2015

Eternal Mgmt Solutions WY LLC 2019

Redding Dev Partners, LLC CA LLC 2019 K1's exist for all years

Tyndale Capital WY LLC 2019

Monmouth Holdings, LLC TX LLC K1's exist for all years

7 Companies 2019 to 2021



③

**Tax Flow Chart to Everlasting Investments, LLC**

**Tax Flow to Stewardship Partners Groups, LLC**

Everlasting Investments, NV LLC 2016

Dave Michal borrowed funds from private lenders to fund. Some lenders have rights to convert loans to equity into Mustard Seed Holdings.

Loaned Funds To Companies between 2016 to 2021 for Convertible Interest at later date.

Mustard Seed NV LLC 2016

Tax Flow

Final Draft Brewing Co. CA LLC

Steeped Coffee Deleware B-Corp

VisionCare Device CA LLC

Infinite Water NV C Corp

Authentic Sales, LLC

Merican Beverage Company WY LLC 2021

Elias / Michal Trusts See Page 4

Spring Creek CA LLC 2022

Triple 7 Ranch WY LLC 2020

Merican Beverage California CA LLC 2022

Stewardship Partners Group WY LLC 2020

Daniels Road CA LLC 2018

Trinidad Revival CA LLC 2022

East Dev Partners CA LLC 2022

Liberty Dev Partners CA LLC 2022

Tax Flow

BlueGold Capital WY LLC 2022

Eternal Mgmt Solutions WY LLC 2019

100XR Ventures WY LLC 2021

Redding Dev Partners, LLC CA LLC 2019

Tyndale Capital WY LLC 2019

Ergon Capital Holdings WY LLC 2021

Monmouth Fund Deleware LP

7 Companies 2019 to 2021

VisionMed Capital WY LLC 2021

④



**Tax Flow Chart to Michal New Trust Structure**

Dave        Christy

Chrave
WY LLC  2021
Owned 100%
Pacific Justice Institute

Dave Grants To        Christy Grants To

Abson Trust
2020
Owned 100% Dave
Michal

Elk Bluff Legacy Trust
2021
Owned 100% Christy
Michal

Stewardship Partners
Group
WY LLC  2020
Owned 50% Noah Elias
& 50% RKC Partners

RKC Partners Group
WY LLC  2021
Owned 100% Christy
Michal